# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **In Re:** <br><br> **RODNEY L. HETTINGER AND KIMBERLY K. HETTINGER,** <br><br> **Debtors.** | **Case No. 19-01165** <br><br> **Chapter 12** |

## MOTION TO REOPEN CASE PURSUANT TO 11 U.S.C. §350(b)

**COME NOW** the Debtors referenced above, and in support of their Motion to Reopen state to the Court as follows:

1. That the above captioned bankruptcy was filed August 26, 2019.

2. That the Debtors received a discharge on July 27, 2021.

3. §11 U.S.C. §350(b) provides a case may be reopened to accord relief to the Debtors.

4. That the Debtors desire to bring an Application to Amend their Schedules to list a possible claim of the right to foreclose a mortgage assigned from Farmers Implement Store, Inc., Mineral Point, Wisconsin, at some point in the future if Frank S. Gibbs and Edward W. Gibbs, the Debtors, in fact moved off certain farm land located in the N ½ of the SW ¼ of the NW ¼ Section 26, Township 91 North, Range 6 West of the 5th P.M. This right was provided to the Debtors on approximately October 7, 2016.

1

5. That due to the credit crunch of the Debtors, the bank primarily financing them, First State Bank of Sumner, refused to lend them approximately $500,000 needed for their operation and instead agreed to lend it to their son, Bryan L. Hettinger. As part of that agreement, Bryan was to receive, back in 2016, the right to possibly foreclose a mortgage on 20 acres as described in this application if the Gibbs moved off the property. Bryan L. Hettinger then placed this asset on his financial statement for First State Bank, Sumner.

6. In approximately February of 2024, it appeared to be possible for Bryan L. Hettinger to foreclose the mortgage that he believed was his property.

7. That the assignment of the mortgage had not been properly assigned from the Debtors, Rodney L. Hettinger and Kimberly K. Hettinger, at the time they filed bankruptcy in this matter.

8. The Debtors wish to amend their schedule to list the possible claim as an asset on their bankruptcy schedules and have it processed through the bankruptcy as a disputed asset between Bryan L. Hettinger and the Debtors, Rodney L. Hettinger and Kimberly K. Hettinger.

9. That the Debtors believe there is a need for a Trustee to be appointed in this matter and request that the Court do so.

WHEREFORE, the Debtors pray that the Court grant this request to reopen their case and appoint a Trustee as requested.

_____
**Rodney L. Hettinger – Debtor**

_____
**Kimberly K. Hettinger – Debtor**

_____
**Judith O'Donohoe**          **AT0005849**
*Elwood, O'Donohoe, Braun & White, LLP*
**116 North Main Street
PO Box 307
Charles City IA 50616-0307
(641) 228-8054 - Telephone
(641) 228-8057 - Facsimile
charlescity@elwoodlawfirm.com
ATTORNEY FOR DEBTORS**

3