# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **In Re:** <br><br> **RODNEY L. HETTINGER AND KIMBERLY K. HETTINGER,** <br><br> **Debtors.** | **Case No. 19-01165** <br><br> **Chapter 12** |

### OBJECTION OF THE DEBTORS TO THE APPLICATION FOR COMPENSATION OF THE PREVIOUS TRUSTEE, BENJAMIN G. NIELSON

**COME NOW** the Debtors, and hereby object to the Application for Compensation for Professional Services Rendered and in support of their objection thereto state as follows:

**1.** That Benjamin G. Nielsen contacted their attorney to discuss the value of the right to foreclose in the future against Frank Gibbs. Documentation was provided by counsel for the Debtors to the Trustee, along with the calculation of what ideally was owed on the note which could not be collected at the time of filing bankruptcy and might be collected if the Gibbs brothers moved off the property or died.

**2.** That the attorney for the Debtors took the position that there should be a market value for the real estate as of the date of the filing of the bankruptcy on 08/26/2019, as that would cap off the ability of the Debtors to collect when this

1

right became vested.  The Debtors did have a difficult time of finding someone to do a value as of 2019 on this piece of property, but have found a realtor, Ashtin Dundee, to give a valuation at this time.

    **3.**    That the Trustee indicated at one point that he would obtain a value; however, no information regarding a value was obtained, and instead the Trustee, looking at the bills, apparently did some research and prepared a Notice to Cure and began work on a Petition for Foreclosure.  This work was premature and was possible to perform more cost effectively by the attorney for the Debtors as she had the information necessary to do the work and was proposing she could do the entire foreclosure for $10,000.  The Trustee is now believing he should be recompensed $9,355.  The Trustee could have asked the attorney for the Debtors for information to assist him in this endeavor, including proposed Notices to Cure, lien searches, etc.

    **4.**    That the work done by the Trustee was premature and should not have been attempted until there was some determination either by the parties or the Court of the value of the right to collect a note with a mortgage foreclosure sometime in the future.

    **5.**    That the Debtors are endeavoring to work with the new Trustee to arrive at this number.  The Debtors do not object to the $175 in expenses.

WHEREFORE, the Debtors pray the Court disallow any compensation for services above and beyond discussing the possible valuation of the asset in the reopened bankruptcy which should not have required any more than $1,000.

_____
**Judith O'Donohoe                    AT0005849**
*Elwood, O'Donohoe, Braun & White, LLP*
**116 North Main Street**
**PO Box 307**
**Charles City IA 50616-0307**
**(641) 228-8054 - Telephone**
**(641) 228-8057 - Facsimile**
**charlescity@elwoodlawfirm.com**

3