**UNITED STATES BANKRUPTCY COURT**
**NOTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| RODNEY L. HETTINGER and ) | |
| KIMBERLY K. HETTINGER, ) | |
| ) | Bankruptcy No. 19-01165 |
| DEBTORS. ) | |

## MOTION TO STRIKE OBJECTION

COMES NOW, Benjamin G. Nielson (the "Movant") of the law firm Pugh Hagan Prahm PLC, and in support of this Motion, respectfully states:

1. On January 14, 2025, the Movant filed an Application for Compensation (the "Application") seeking payment of attorney fees and expenses incurred while serving as attorney for the former trustee. (ECF Doc. 293).

2. Due and proper notice of the filing of the Application and of an objection bar date was issued to all creditors and parties in interest. (ECF Doc. 294).

3. On January 20, 2025, Debtors filed an Objection to the Application on the grounds that the work completed by the Movant were "premature" and could otherwise have been completed at a lower cost. *See* ECF Doc. 299.

4. The Objection should be stricken.

5. To be sure, the Eighth Circuit has repeatedly held that "[ ] a Debtor has no standing to object to claims [ ] because the debtor does not have a **pecuniary interest** in the distribution of the assets of the estate. This is because an objection to a proposed distribution only affects how much each creditor will receive and does not affect the debtor's rights." *Keiffer v. Riske* (*In re Kieffer-Mickes, Inc.*), 226 B.R. 204, 208–09 (B.A.P. 8th Cir. 1998) (citations omitted) (emphasis

{00574355}

added); *see also Cult Awareness Network, Inc. v. Beal* (*In re Cult Awareness Network, Inc.*), 151 F.3d 605, 607 (7th Cir. 1992) ("Debtors, particularly Chapter 7 debtors, **rarely have such a pecuniary interest because** no matter how the estate's assets are dispersed by the trustee, **no assets will revert to the debtor.**") (emphasis added).

6. Here, the Debtors lack standing to object to the Application because they have no pecuniary interest in a distribution to the Movant in this case *viz*. no monies will be paid to them and no assets will revert to them. *See In re Blinks,* 95-10100 KC (Bankr. N.D. Iowa April 19, 1996) (holding that an entity **not** entitled to receive any dividend from the estate has **no standing** to object to claims).

7. Accordingly, the Debtors' Objection should be stricken and should not be considered by this Court.

WHEREFORE, Benjamin G. Nielson respectfully prays that this Court on such notice and hearing as it may direct, enter and enroll an order striking Debtors' objection, because they have no standing, and thereafter enter and enroll an order allowing the fees and expenses requested in the Application for Compensation, and for such other relief as may be just and proper under the premises.

Dated this 21st day of January 2025.

Respectfully submitted,

By: */s/ Benjamin G. Nielson*
BENJAMIN G. NIELSON     AT0014460
PUGH HAGAN PRAHM PLC
425 E. Oakdale Blvd, Suite 201
Phone: (319) 351-2028
Fax:    (319) 351-1102
Email: bnielson@pughhagan.com

*ATTORNEY FOR FORMER CH. 7*
*TRUSTEE BENJAMIN G. NIELSON*

{00574355}

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of January 2025, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

                                                  */s/ Karah D. Hemann*
                                                  Karah D. Hemann

{00574355}